UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PIERRE Q. PULLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-01091-SEB-MKK |
| ) | |
| ECOBAT LTD., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PENDING MOTIONS**

Now before the Court are Defendant's Motions to Dismiss for Failure to State a Claim [Dkt. 34] and to Dismiss for Lack of Prosecution [Dkt. 63] and Plaintiff's Motion for Judgment on the Pleadings [Dkt. 51]. Plaintiff Pierre Q. Pullins, proceeding *pro se*, has brought this action against Defendant Ecobat Ltd. ("Ecobat"), alleging that Defendant failed to hire him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"). For the reasons detailed below, we DENY Defendants' Motions to Dismiss and DENY Plaintiff's Motion for Judgment on the Pleadings.

**Factual Background**

In mid-September 2023, Mr. Pullins, who is 57 years old, attended a job fair where he spoke with Elaina Rodriguez and another unnamed Ecobat employee about an open laborer position with the company. Am. Compl. ¶ 1. Mr. Pullins stated that he was familiar with the "battery wrecker" position and that he understood that he would be required to wear a face mask and personal protective equipment. *Id.* ¶ 2. Mr. Pullins

provided his resume to Ms. Rodriguez and was scheduled for an interview with Ecobat employee, Howard Moore. *Id.* ¶ 3.

On September 27, 2023, Mr. Pullins was interviewed for the laborer's position, during which session, Mr. Moore provided information about the position, the shifts, and the pay and benefits, including an upcoming contractual pay increase. *Id.* ¶ 4. Mr. Moore mentioned in their conversation how long he personally had worked at Ecobat and asked Mr. Pullins where he attended high school and what year he graduated. *Id.* ¶¶ 4–5. Mr. Pullins shared the high school he had attended and told Mr. Moore that he had graduated in 1984. Thereafter, Mr. Moore told Mr. Pullins that he would "hear something the next week." *Id.* ¶ 6.

On October 4, 2023, Mr. Pullins texted Ms. Rodriguez to inquire as to the status of his application and she responded that Ecobat had decided to move forward with other candidates. *Id.* ¶ 7. Mr. Pullins reported to Ms. Rodriquez that, during his interview, Mr. Moore had asked him what year he had graduated from high school, prompting Mr. Pullins to request that Ms. Rodriguez secure Mr. Moore's interview notes because he believed that he had been discriminated against because of his age. *Id.* ¶ 8. On October 13, 2023, Mr. Pullins filed a charge of discrimination with the Equal Employment Opportunity Commission and in early 2024 was issued his Right to Sue letter. *Id.* ¶ 9.

Mr. Pullins subsequently learned that, after he had filed his charge of discrimination with the EEOC, Ecobat hired three individuals, ages 39, 43, and 58, respectively, for the open laborer shifts. The 43-year-old and the 58-year-old hires had criminal backgrounds. Mr. Pullins, who does not have a criminal record, alleges that this

made him a more desirable candidate than the individuals ultimately hired by Ecobat, yet he was the only candidate asked about his high school graduation date. Based on these circumstances, Mr. Pullins believes that Ecobat's hiring of individuals over the age of 40 after he had filed his charge of discrimination with the EEOC was an attempt to cover up its discrimination against him based on his age.

## Legal Analysis

### I. Plaintiff's Motion for Judgment on the Pleadings

Plaintiff's motion for judgment on the pleadings must be dismissed as it is premature. Federal Rule of Civil Procedure 12(c) states that "[a]fter pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Unless the court orders a reply to an answer or third-party answer, the pleadings close after the last of the following pleadings in the case has been filed: answer, reply to a counterclaim, answer to a crossclaim, and third-party answer." *Parker v. Parker*, No. 22 CV 615, 2023 WL 6976900, at *4 (N.D. Ill. Oct. 23, 2023) (citation and quotation marks omitted).

Here, Defendant has not yet filed its answer to the complaint, choosing instead to file a motion to dismiss, as it is permitted to do under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b) (stating that a motion to dismiss for failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed"). Accordingly, because he filed it before the pleadings were closed, Plaintiff's motion is premature. Plaintiff's motion for judgment on the pleadings is

3

therefore <u>DENIED</u> without prejudice to refiling, if appropriate, once the pleadings have closed.

## II. Defendant's Motion to Dismiss for Failure to State a Claim

Defendant argues that Plaintiff has not plausibly alleged an ADEA claim because he has failed to adequately allege the *prima facie* elements of his failure-to-hire claim, including that he held the qualifications required for the position and that similarly situated, younger employees were treated more favorably. Defendant also contends that Plaintiff failed to allege sufficient facts to support an inference that age was the but-for cause of his failure to be hired. However, the cases Defendant cites in support of its arguments are cases decided at the summary judgment stage of the proceedings where the legal standard is higher than at the pleading stage. *Stumm v. Wilkie*, 796 Fed. App'x 292, 295 (7th Cir. 2019) ("[A] motion for summary judgment requires the plaintiff to produce some proof of his claims; pleading standards are different."). In employment discrimination cases such as this, "a plaintiff need plead only the type of discrimination, when it occurred, and by whom." *Id.* (citations omitted); *see also Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) ("Satisfying Rule 8 and the accompanying standards articulated by the Supreme Court in [*Bell Atlantic Corp. v.*] *Twombly* and [*Ashcroft v.*] *Iqbal* does not require a plaintiff to plead a prima facie case of employment discrimination.").

Here, Plaintiff has alleged that, in September 2023, he interviewed for a laborer position with Ecobat, and that during his interview Mr. Moore asked him the date that he graduated from high school. After Plaintiff provided that information, Mr. Moore ended

4

the interview. Thereafter, Ecobat decided not to hire him. Plaintiff further alleges that he was the only candidate who was asked to disclose his high school graduation date (which arguably revealed his age) and that Ecobat hired two individuals older than 40 only after he had filed an EEOC charge alleging age discrimination. Both of those individuals who were hired have criminal records, in contrast to Plaintiff, who does not. Plaintiff maintains that these facts are sufficient to support a plausible inference that Ecobat failed to hire him because of his age and then covered its tracks by hiring two less-qualified individuals in his protected class after he filed his charge of discrimination.

While admittedly these allegations are thin, construing Plaintiff's complaint liberally, as we must do at this stage, he has stated a plausible employment discrimination claim as he has explained "how [he] was aggrieved and what facts or circumstances lead [him] to believe [his] treatment was *because of* [his] membership in a protected class." *Kaminski*, 23 F.4 at 777–78. Under federal notice pleading standards, this is sufficient. While Mr. Pullins will, of course, be required to prove each of the elements of his claim in order to ultimately prevail in this case, "the evidentiary burden that he must *eventually* meet differs from what he must allege to avoid dismissal." *Stumm*, 796 Fed. App'x at 295 (citation omitted). For these reasons, Defendant's motion to dismiss for failure to state a claim is <u>DENIED</u>.

### III. Defendant's Motion to Dismiss for Lack of Prosecution

Defendant also seeks dismissal of Plaintiff's complaint for lack of prosecution under Federal Rule of Civil Procedure 41(b). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss

the action or any claim against it." Before imposing a Rule 41(b) dismissal, a district court must consider five factors: "(1) whether the wrongdoer received 'due warning' that such a sanction was a possibility; (2) the frequency and magnitude of the wrongdoer's failure to comply with deadlines and other court orders; (3) the efficacy of less severe sanctions; (4) whether the misconduct prejudiced the other party or other litigants on the court's docket; and (5) the likely merits of the wrongdoer's case. *Myers v. Henderson*, No. 1:20-cv-02044-JPH-MPB, 2023 WL 1452166, at *3 (S.D. Ind. Jan. 12, 2023) (citing *Graham v. Schomaker*, 215 F.3d 1329 (Table), 2000 WL 717093, at *4 (7th Cir. 2000)).

Here, Defendant argues that a Rule 41(b) dismissal is warranted based on Plaintiff's repeated refusals to comply with his discovery obligations. As recounted in the Magistrate Judge's September 22, 2025 Entry and Order From Telephonic Status Conference, Plaintiff has (1) failed to respond to the discovery requests served by Defendant, despite having been given an extension of time to do so; (2) failed to serve discovery requests on Defendant, despite having received an extension of time to do so; and (3) been unwilling to sit for his deposition, despite his obligation to participate in a properly noticed deposition. Dkt. 62 at 1. In her September 22 Order, the Magistrate Judge denied Plaintiff's request to stay discovery pending a ruling on Defendant's motion to dismiss and again directed the parties to comply with their discovery obligations under the Federal Rules of Civil Procedure. *Id.* at 2.

This was not Plaintiff's first warning that he was required to comply with discovery deadlines. The Magistrate Judge had, prior to her September 17 Order, advised Plaintiff on several occasions of his duty to participate in the discovery process, including

6

reminding Plaintiff in a July 30 Order after he had first failed to meet discovery deadlines "of the importance of complying with court orders, participating in discovery, and appearing for all scheduled conferences." Dkt. 58. The Magistrate Judge further warned Plaintiff that "Federal Rules of Civil Procedure 16(f) and 41(b) explain that a failure to comply with Court orders, participate in discovery, or appear for conferences may result in sanctions, up to and including dismissal of the case." *Id.*

Despite these admonishments and reminders, it is our understanding that Plaintiff still has not responded to Defendant's discovery requests or made any effort to cooperate with written discovery or scheduling his deposition, which has prompted Defendant's motion to dismiss for lack of prosecution. In response to Defendant's motion, Plaintiff does not deny that he has failed to participate in the discovery process. His only response is that it is unfair for him to be required to comply with discovery deadlines while Defendant's motion to dismiss is pending and that he has been disadvantaged in the discovery process because Defendant has not yet answered his complaint given the pending motion to dismiss.

The Court has advised Plaintiff on multiple occasions that he must comply with discovery and the deadlines set by the Court, and he has persistently refused to comply with those orders. Plaintiff's opinions as to how the case should proceed and his apparent frustration with the speed of litigation does not excuse his failures to comply with the Court's orders to participate in the discovery process. *See Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even *pro se* litigants must follow procedural rules …."). <u>This is his last warning</u>. For now, we <u>DENY</u> without prejudice

7

Defendant's motion to dismiss for lack of prosecution, allowing Plaintiff a final opportunity to comply with his discovery obligations. Should Plaintiff's refusal to participate in the discovery process and to comply with the Court's orders continue, his case *will* be dismissed with prejudice—meaning that it will be over for good.

## IV. Conclusion

For the reasons detailed above, Plaintiff's Motion for Judgment on the Pleadings [Dkt. 51] is <u>DENIED</u>. Defendant's Motions to Dismiss for Failure to State a Claim [Dkt. 34] and Failure to Prosecute [Dkt. 63] are also <u>DENIED</u>. This case shall proceed accordingly. However, Plaintiff is warned that if he continues to disregard Court orders and refuse to participate in the discovery process and comply with discovery deadlines, his case will be dismissed with prejudice without further notice or opportunity to show cause.

IT IS SO ORDERED.

Date: _____12/9/2025_____            _____*Sarah Evans Barker*_____
                                     SARAH EVANS BARKER, JUDGE
                                     United States District Court
                                     Southern District of Indiana

Distribution:

PIERRE Q. PULLINS
6120 Westlake Dr. N.
Apt. B
Indianapolis, IN 46224

Emily L. Connor
LITTLER MENDELSON, P.C. (Indianapolis)
econnor@littler.com

Peter T. Tschanz
LITTLER MENDELSON, P.C. (Indianapolis)
ptschanz@littler.com