UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PIERRE Q. PULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01091-JRO-MKK |
| | ) | |
| ECOBAT LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

On June 27, 2024, Plaintiff Pierre Q. Pullins, proceeding *pro se,* filed suit against Defendant Escobat Resources Indiana, LLC ("Escobat"), for aged-based employment discrimination.  Pullins's lawsuit, however, has been plagued by discovery delays of his own making, despite the Court's repeated warnings that his case would be dismissed if he failed to comply with his discovery obligations. Now before the Court is Escobat's renewed motion to dismiss the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  For the reasons set forth below, Escobat's motion, dkt. [81], is **GRANTED**, and this action is **DISMISSED with prejudice**.

**I.**

**BACKGROUND**

Per his amended complaint, Pullins alleges that he interviewed for a job with Ecobat, the interviewer asked Pullins what year he graduated high school, and Ecobat thereafter declined to hire Pullins.  Dkt. 33 at 6.  Pullins initiated

this action on June 27, 2024, alleging Ecobat unlawfully discriminated against him in hiring on the basis of age.  Dkt. 1 at 3; Dkt. 33 at 6.

Beginning in June of 2025, Ecobat made unsuccessful efforts to obtain written discovery and a deposition from Pullins.  Dkt. 64 at 3.  During a July 30, 2025, telephonic status conference with Magistrate Judge Klump, Ecobat raised the issue of Pullins's failure to respond to its discovery requests.  Dkt. 77 at 2–4.  Judge Klump instructed Pullins on the importance of his compliance, explaining:

> THE COURT: You also could risk having your case dismissed if you don't participate in the prosecution of the case, all right? And I just want you to be fully informed before, you know, there's negative consequences if you don't remain engaged, okay?
>
> MR. PULLINS: Understood, Your Honor.

*Id.* at 8.  In a minute order following the conference, Judge Klump reminded Pullins "of the importance of complying with court orders, participating in discovery, and appearing for all scheduled conferences," dkt. 58 at 1, and warned that failure to comply "may result in sanctions, up to and including dismissal of the case."  *Id.*

On December 9, 2025, the Court issued an omnibus order denying three pending motions: Pullins's motion for judgment on the pleadings, Ecobat's motion to dismiss for failure to state a claim, and Ecobat's first motion to dismiss for failure to prosecute.  Dkt. 69.  In that Order, the Court summarized Pullins's persistent refusal to meet his discovery obligations, including his: (1) failure to respond to Ecobat's served discovery requests, despite receiving an extension of

time in which to do so, (2) failure to serve discovery requests upon Ecobat, again

despite receiving an extension of time, and (3) refusal to sit for a deposition. *Id.*

at 6. The Court then admonished Pullins, writing:

> Plaintiff's opinions as to how the case should proceed
> and his apparent frustration with the speed of litigation
> does not excuse his failures to comply with the Court's
> orders to participate in the discovery process. This is his
> last warning. For now, we . . . allow[] Plaintiff a final
> opportunity to comply with his discovery obligations.
> Should Plaintiff's refusal to participate in the discovery
> process and to comply with the Court's orders continue,
> his case will be dismissed with prejudice—meaning that
> it will be over for good.

*Id.* at 7–8 (internal citation omitted).

In another telephonic status conference with Judge Klump two days later,

she reviewed the December 9 order with Pullins and updated case deadlines.

Dkt. 82-1 at 5–6.

> THE COURT: Your responses to defendant's discovery
> requests were due on August 29th. So multiple months
> ago, Pullins. Did you ever respond to defendant's
> discovery requests?
>
> PULLINS: No, Your Honor.
>
> THE COURT: All right. Okay. Well, you are going to do
> so if you want the case to continue. You're going to do
> so by—let's see—December 31st. Okay, Pullins?
>
> PULLINS: Okay. I got that.
>
> THE COURT: Okay. So you need to respond to
> defendant's discovery requests by December 31st.

*Id.* Judge Klump likewise instructed Pullins that he must work with Ecobat to

find a date for his deposition. *Id.* at 6. Again, Pullins confirmed; "I understand,

Your Honor." *Id.*

3

In a declaration accompanying its renewed motion to dismiss for failure prosecute, Ecobat's counsel, Peter Tschanz, states that Pullins did not respond to Ecobat's discovery requests—either by the December 31 deadline or by the date of its motion, February 3, 2026. Dkt. 82-1 at 2. Similarly, Tschanz declares Pullins did not respond to either of Tschanz's two December emails attempting to schedule his deposition. *Id.*; *see also* Dkt. 82-1 at 14–15 (emails showing no response from Pullins).

Pullins filed a response to Ecobat's renewed motion to dismiss for failure to prosecute, but he did not refute any of the factual assertions or arguments raised by Ecobat. Dkt. 83. Instead, he stated that Court delay in ruling on Ecobat's earlier motion to dismiss for failure to state a claim "made it impossible for Pullins to fashion meaningful discovery devices" and was "unfair." *Id.* at 1. He also stated that he "didn't get an answer to his complaint until December 23, 2025." *Id.* He does not otherwise explain his unresponsiveness to Ecobat or suggest that he has complied with the Court's orders in any respect.

## II.

### STANDARD FOR FAILURE TO PROSECUTE

Federal Rule of Civil Procedure 41(b) states that when a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." The Seventh Circuit instructs that dismissal for failure to prosecute is "warranted 'only in extreme situations, where there is a clear record of delay

or contumacious conduct, or when other less drastic sanctions have proven unavailable.'" *Harris v. Emanuele*, 826 F. App'x 567, 569 (7th Cir. 2020) (quoting *Dunphy v. McKee*, 134 F.3d 1297, 1299–1300 (7th Cir. 1998)).

The Seventh Circuit has identified factors for this Court to consider before dismissing a case under Rule 41(b) including: (1) whether the wrongdoer received "due warning," *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir.1993); (2) "the frequency and magnitude of the plaintiff's failures to comply with deadlines," *id.* at 759; (3) "the efficacy of a less severe sanction," *id.* at 758; (4) "the prejudice if any to the defendant from the plaintiff's dilatory conduct," *id.* at 760; and (5) "the probable merits of the suit," *id.*  The Seventh Circuit encourages district courts "to warn litigants before dismissing a case for failure to prosecute, [although] whether they in fact do so is clearly within their discretion." *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006).

### III.

### DISCUSSION

Applying the relevant Rule 41(b) factors, the Court finds that Pullins's repeated failure to comply with discovery orders over the past half-year warrants dismissal of his case for lack of prosecution.

**A.    Pullins received "due warning" that dismissal loomed if his noncompliance continued.**

The first factor applies here.  *Ball*, 2 F.3d at 755 ("[T]here should be an explicit warning in every case.").  Pullins received warnings—for many months— that dismissal of his lawsuit could result from his failure to participate in discovery.

Judge Klump orally instructed Pullins on the importance of discovery compliance in July 2025 and again in December 2025.  Dkt. 77 at 8; Dkt. 82-1 at 5–6.  Pullins also received two written warnings in July and December that failure to litigate his case would result in dismissal.  Dkt. 58 at 1 ("a failure to comply with court orders, participate in discovery, or appear for conferences may result in sanctions, up to and including dismissal of the case"); Dkt. 69 at 7 ("This is his last warning. . . . Should Plaintiff's refusal to participate in the discovery process and to comply with the Court's orders continue, his case will be dismissed with prejudice—meaning that it will be over for good.").  Despite these instructions and warnings, Pullins did not reform his conduct.  Dkt. 82-1 at 2.  Because Pullins failed to comply with his discovery obligations despite many warnings that dismissal may result, this factor weighs in favor of dismissal.

**B.   Pullins's conduct is persistent and significant.**

The second factor applies here. Pullins's failure to comply with deadlines and court orders was frequent and significant. *Ball,* 2 F.3d at 759.  Pullins's response to Ecobat's written discovery requests was initially due on July 5, 2025.  Dkt. 61-1 at 2.  The Court then ordered Pullins to respond to these requests by August 29, 2025.  Dkt. 58 at 1.  Upon his continued delay, the Court moved the deadline to December 31, 2025, dkt. 70, which Pullins still did not meet, dkt. 82-1 at 2.

Pullins's noncooperation in scheduling a deposition is similarly inexcusable. He has not responded to Ecobat's scheduling emails ranging from

June 27, 2025, dkt. 64-1 at 18, to December 28, 2025, dkt. 82-1 at 14.  Pullins has repeatedly disregarded the orders and deadlines of the Court.  Further—as discussed below—his refusal to sit for a deposition or answer written discovery prejudices Ecobat in their preparation for the upcoming summary judgment deadline of March 27, 2026.  Dkt. 70 at 1.  When given an opportunity, Pullins offered no contradiction to Escobat's recitation of these facts.  Dkt. 83.  Pullins's noncompliance is thus significant.  In sum, the frequency and magnitude of Pullins's conduct favors dismissal.

## C.   The Court's repeated admonishment has not reformed Pullins's conduct.

The third factor also applies.  Lesser sanctions will not work.  *Ball*, 2 F.3d at 758.  While the Court has not issued any lesser Rule 37 sanctions against Pullins, it has admonished him repeatedly to comply with discovery obligations.  This includes giving him a "last warning" when it denied Ecobat's first motion to dismiss for failure to prosecute.  Dkt. 69 at 7.  These steps had no effect on Pullins.  Nothing in Pullins's conduct so far or his response to Escobat's motion to dismiss suggests that lesser sanctions (such as a duty to provide status updates, monetary sanctions, or an adverse inference instruction to the finder-of-fact) will have any effect on Pullian.  He has failed to participate in litigation.  Imposing further obligations on Pullin or making his case harder to prove are unlikely to incentivize a change in behavior when Pullian has already had all the incentive he needs and yet failed to comply.  Thus, this factor favors dismissal.

**D.  Pullins's conduct prejudiced Ecobat.**

The fourth factor applies here. Pullins's misconduct has prejudiced Ecobat. *Ball*, 2 F.3d at 760. As discussed above, the deadline for summary judgment motions is March 27, 2026. Dkt. 70 at 1. Because of Pullins's noncompliance, Ecobat faces this critical case junction without the aid of Pullins's written discovery responses or deposition testimony. In other words, Ecobat cannot exercise its rights under Rule 56 to extricate itself from the ordeal of this lawsuit because Pullins has refused to litigate. This is prejudicial.

**E.  There is likely little merit to Pullins's case.**

The fifth and final factor is the likely merits of Pullins's case. *Ball*, 2 F.3d at 760. This factor also favors dismissal. Pullins has not developed any facts in discovery to support his allegations of age discrimination. Pullins has not served any discovery requests on Ecobat, rendering his likelihood of success at trial gloomy. Dkt. 82-1 at 5. The time for Pullins to serve discovery has long-since past. Dkt. 58 at 1 (extending the deadline for Pullins to serve discovery to August 11, 2025); Dkt. 70 at 1 (denying Plaintiff's December request for an additional extension of time in which to serve discovery). These facts strongly suggest that Pullins's case would not prove meritorious, and thus they favor dismissal.

## IV.

### CONCLUSION

All told, the applicable Rule 41(b) factors identified by the Seventh Circuit all favor dismissal. Plaintiff has been warned repeatedly. But his behavior has not changed. It should come as no surprise to Plaintiff that the Court concludes

his dilatory and prejudicial discovery conduct warrants dismissal of this case with prejudice.

For the foregoing reasons, Ecobat's renewed motion to dismiss for failure to prosecute, dkt. [81], is **GRANTED.** This case is hereby **DISMISSED with prejudice. The clerk is DIRECTED** to enter final judgment, which will issue by separate entry.

**SO ORDERED.**

Date: 3/26/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

PIERRE Q. PULLINS
6120 Westlake Dr. N.
Apt. B
Indianapolis, IN 46224

Emily L. Connor
LITTLER MENDELSON, P.C. (Indianapolis)
econnor@littler.com

Peter T. Tschanz
LITTLER MENDELSON, P.C. (Indianapolis)
ptschanz@littler.com